MR. ATKINSON. Good morning, Your Honors. May it please the Court, I'm Bill Atkinson. I'm here on behalf of Appellate Income. The District Court in this case made two errors, neither of which is harmless and both of which require reversal of its order. The first error is that the District Court did not decide, based upon the arbitration clause in the license agreement, the preclusive effect of its prior dismissal of President Alexander's patent infringement claims. The second error that the Court made was that it didn't decide that claim preclusion applied to block the current claims in arbitration. THE COURT. Mr. Atkinson, how do you get around the broad statement in the arbitration clause that any dispute will be submitted to arbitration? MR. ATKINSON. By looking specifically at the language of Paragraph 12 of the license agreement, Judge Newman, where it says that the arbitration clause is limited to matters that arise out of the license agreement. THE COURT. But isn't that for the arbitrator to decide in the first instance whether it does or doesn't arise out of the license agreement? MR. ATKINSON. Your Honor, it is not. And the reason it does not is because the issue is whether or not the District Court should enforce its own judgment. And it's clear, if you look at the two agreements entered into by the parties and the judgment, the two stand alone. Both agreements have integration clauses. And the issue here, and the one that the judge refused to decide, was the preclusive effect of his judgment, of the Court's judgment, not the license agreement,  dismissal with prejudice, a nullity. And this Court, and the law is clear, that the finality of judgments is very strong and is to be encouraged. And the finality of judgments, and this Court's precedent on that very point, and Young Engineers and Foster v. Halco and Nystrom and Cicci is limited to claims that were existing at the time of the release. What does that do to your argument? MR. GOLDSMITH. It cuts it in half, Your Honor. But the other half of the argument is that there is claim preclusion that flows from the dismissal with prejudice of the claims. And there are two arguments made in our briefs. One is focused on the release language, which Your Honor is referring to, and the issue of whether or not it has retroactive effect or prospective effect. There is no issue that a dismissal with prejudice has claim preclusion  MR. TURNER. But doesn't that also turn on what is the present claim before the arbitrator, whether that was covered by the release? MR. GOLDSMITH. Let's assume for the sake of argument that the release operates only retroactively. It's limited to claims that were existing at the time of the release. And let us further assume, as your opponent alleges, that what's now at issue are subsequent infringements. How would the previous judgment affect that? MR. TURNER. What is at issue right now, Your Honor, in the arbitration, are the same accused systems that were before the court subject to the infringement claims before. MR. GOLDSMITH. Well, they may be the same two systems. But as I understand it, in the present arbitration, the allegation is that the subsequent use of this device after settlement agreement had been handed into is where they failed to make the payments. It may be the same device, but if the dividing line between what is released and what is not released is a temporal one, then I have problems with your argument that, well, it's the same claim. Well, it's the same type of claim, but not necessarily the same claim, because one is before and the other is after. If Your Honor relies on the temporal distinction that you've pointed to about the release, I agree with you regarding your argument on the release itself. I do not agree with you  MR. TURNER. How can it not be temporal if it uses the word past? Past activity. It doesn't say past type of activity. It says past activity, even if it's the same kind in the future as it was in the past, same type. MR. MCCANN. I understand that, and the premise of Judge Friedman's question was assuming that it only applies to past activity. If the Court reaches that conclusion and bases its decision solely on the release, the assumption that he's made answers his question. But the dismissal with prejudice under this Court's law, in all of its cases, dealing with the point, a dismissal with prejudice has preclusive effects going forward. MR. TURNER. But what was dismissed with prejudice? MR. MCCANN. The infringement claims. All of the infringement claims that were asserted in the prior litigation were dismissed with prejudice. MR. TURNER. Well, you have to add to it, all of them that were existing at the time of MR. MCCANN. No, Your Honor. Claim preclusion is broader than claims brought. It's claims that were brought and that could have been brought based upon the same transactional facts, as this Court indicated in Young Engineers. MR. TURNER. Did the District Court adjudicate the merits of any of these claims? MR. MCCANN. The District Court, before it dismissed the claims with prejudice, had a markment order, and then it didn't decide the infringement claims, but it dismissed them with prejudice. MR. TURNER. The District Court never said, did it, that there's been no infringement of these claims? MR. MCCANN. Yes, it did, Your Honor, because it dismissed the claims with prejudice. MR. TURNER. You said because, but I ask you, it never said explicitly that it was deciding that there was no merit to these claims. MR. MCCANN. There was no summary judgment of non-infringement. There was no final determination following trial of non-infringement. But there was a dismissal with prejudice of the infringement claims. And under the finality of judgment, and the law of this Court, and Young Engineers, and all these other cases… If one accepts that the settlement agreement was related only to claims in existence, then the only thing, it seems to me, that was dismissed with prejudice were claims based upon conduct at that time, and didn't cover future claims. MR. MCCANN. Your Honor, if that's the position that Alexander wanted, the dismissal should have been without prejudice. And it was with prejudice, and that has legal meaning. And the parties were represented by sophisticated lawyers, and they reached an agreement whereby the claims would be dismissed with prejudice. And that has meaning. And the parties are entitled to rely upon that. MRS. MOSS. Mr. Atkinson, you have an agreement in which the parties agree to the dismissal of all claims that were brought, or that could have been brought, in the litigation. MR. MCCANN. With prejudice. Yes, Your Honor. That was an agreement. Why does it matter what we might say was or was not without prejudice when the parties agreed to this dismissal, and in a separate agreement, agreed that disputes arguing out of these patents would be arbitrated? MR. MCCANN. Well, Your Honor, the license agreement is broader than the settlement agreement, and it allows activity going forward that is covered by the patents and covered by the agreement. And if my client introduced a new card system that was not in existence before, and it could not have been the subject of an infringement claim, unlike those in arbitration, then there might have been a dispute about whether or not a license or a royalty should be paid under the agreement for those devices. That's not where we are. We're dealing with the same card systems now that we were then. Well, you say that's not where you are, but what you're seeking, isn't it, is to get the district court to enjoin the arbitration. MR. MCCANN. Indeed, because that's the proper result from a dismissal with prejudice. That's what the claim preclusion is. You cannot relitigate it. This Court said that having once had a chance to litigate these issues based on these transactional facts and losing and dismissing with prejudice, that it's over. Indeed, in Young Engineers, it was a dismissal with prejudice that was the basis of a claim preclusion argument. The same was true in other cases. MS. MATHISON. You told us the arbitration was scheduled for a date in November. Is it ongoing, or has it been stayed? MR. MCCANN. I'm glad you raised that, Your Honor. It was in my colleague's brief that it was scheduled for November. I've got copies of the scheduling order. It has now been moved to February. It has not yet begun. It could be postponed longer, but there is no mootness question based on the date of the arbitration. MS. MATHISON. Okay. MR. MCCANN. The point is that the finality of judgments here is a strong influence in this Court's jurisprudence. It's strong enough in Foster to overrule the public policy underlying Lear v. Atkins. It's strong enough here to override anything that might be viewed if you misread paragraph 4 of the license agreement and say that it's brought on. MR. MCCANN. As Judge Newman points out, you have more than that. You have the arbitration clause that says any dispute arising out of the license agreement,  MR. MCCANN. Doesn't the license agreement include this patent? MR. MCCANN. It includes this patent. It does. But it doesn't include claims that were already litigated and dismissed with prejudice in the previous litigation. MR. MCCANN. It doesn't say that, though? MR. MCCANN. Well, it doesn't have to say that, Your Honor, because the dismissal with prejudice says that, and so does the jurisprudence of this Court and every other appellate court I'm aware of. The Orrick case says it. The Fifth Circuit relies upon the restatement of judgment in Section 24. MR. DALY. What explicitly do you think was foreclosed by this dismissal with prejudice? What claims? MR. MCCANN. If I could quote this Court in Young Engineers. MR. DALY. No, I don't want to hear from Young Engineers about that. I just want you to tell me in this case, what do you say, what claims that are now being asserted in the arbitration were foreclosed by the dismissal with prejudice? MR. MCCANN. The claims that a royalty is due on devices that were subject to the transactional facts that were before the district court are barred, regardless of the cause of action being asserted or the theory of relief being asserted. They are barred by the judgment of the district court with prejudice, and that's what I'm arguing. Our client has the freedom under the license to do lots of things under the patents, and there might be a dispute about whether or not something it chooses to do is inside the scope of license, and that's what the arbitration clause is there for and would be appropriately used for. What Alexander is doing is trying to use the arbitration clause to re-litigate claims that were dismissed with prejudice in the district court, and that is not proper and it should not be allowed. I'm in the matter of rebuttal time, unless Your Honors have other questions. MS. MOSS. We'll save your rebuttal time. Let's hear from the other side, Mr. Atkinson. MR. ATKINSON. Thank you, Your Honor. MS. MOSS. Mr. Foster. MR. FOSTER. Thank you. Please, the Court. Let me spend a minute talking about the timeline here. This case was, the previous case was settled in July 2005, out of which this appeal is taken. About three years later, there was, as the Court knows, a license agreement. Incom wasn't paying money. We started the arbitration procedure. The arbitration actually went on for about a year and a half, without any comment by colleagues here that the issues weren't arbitrable. The arbitrator was not making the rulings that they had hoped he would make, and so then they started a year and a half into the process. They went to district court with motions that are the subject of this appeal. As the Court has picked up, the documents that were signed that settled the previous case in 2005 are common documents. These cases are settled all the time. There is no settlement. MS. MOSS. What is your view as to the particular points that Mr. Atkinson has made as to what's barred or what isn't barred in arbitration? MR. ATKINSON. Yes. The arbitration clause here is quite general. It covers really any dispute that comes up under the agreement. The complaint in this arbitration states a cause for breach of contract, the failure to pay royalties for licensed products. It's a classic case of something which should be arbitrated. There are two issues that my colleague raised, and they're both defenses that should be raised in the arbitration. His first issue is he said, well, we have a release. This settlement agreement is a release. We have cited cases in our brief that says that is an issue that goes to the arbitrator, whether the release applies or not. The second issue… MR. MOSS. Let me ask you one question about that. Do you contend that the arbitration clause required the arbitrator to decide in the first instance what the effect of the release is, or is that a matter for the district court to decide? MR. ATKINSON. It's for the arbitrator, Your Honor. That's a liability issue. My view, and I think we actually agree with this, is that the question of arbitrability is one for the court, but once the court…the questions of liability are for the arbitrator. So release is a liability issue, as is claim preclusion, issue preclusion. Those are a number of cases in our brief that support that. I might point out that there are no cases in Income's brief to the contrary, that these are issues for the court to decide. So getting back to where I was before I just asked the question, the cases are settled all the time in this format. There is a release for past activity and a license agreement for activity going forward, and in this case, the license agreement has an arbitration clause. The claims in the arbitration are breach of contract claims, they're not patent infringement claims, and I don't need to go over the question from the court, pointing out that the use of the word past is how part of this… THE COURT. Now, the release did not have any arbitration clause, did it? MR. ATKINSON. No, it's just a release. THE COURT. Just a release? MR. ATKINSON. Yes. The arbitration clause is in the license, and of course what's being arbitrated is liability under the license. So the point I want to make… THE COURT. And adding one more thing, what was agreed to be arbitrable were issues arising  MR. ATKINSON. Yes, and the issues that the arbitrator is going to arbitrate is whether the products that Income is currently doing are licensed products, products as defined by license agreement. So it's a classic case of what should be arbitrated. The point I want to make to the court, however, is that I think the gating issue for this court is the issue of arbitrability. The issue is, are the… my colleague makes several liability issues. The issue of the court to decide are those issues for the arbitrator to decide, and if they are, that should be the end of the court's analysis. I would refer this court to the ATT Technologies case from the Supreme Court in 1985, where they cautioned the court not to comment on the merits of the issues if you agree that the issues are supposed to go to the arbitrator. And we briefed all the merits issues in our briefs. I'm here to answer any questions with respect to the merits, but I'm not going to present on that case unless questions come from the panel. If there are no questions, I will forfeit the rest of my time. THE COURT. Okay. Thank you, Mr. Foster. Mr. Atkinson. I'll be very brief. The release is one basis set forth in our briefs for reversal. The district court's dismissal with prejudice is a separate, entirely different basis for relief. And so if the court concludes that the release is retroactive only, then it cuts my brief in half, if you will. It does not dispose of the issue that we have raised that the district court did not decide. And that is, what is the preclusive effect of its judgment? And there's just simply no way to read the arbitration agreement, I mean the arbitration clause in the license agreement, as suggesting that the arbitrator should decide that issue. Now, what exactly did the judgment say? It said that the case was released, the claims were released as a result of the settlement? Your Honor, the signed judgment is in the appendix at page 1141. 1131? 1141. A-1141. And it's very short, and it states that the party's stipulation in order of dismissal is granted, and that, let's see, each claim made or that could have been made by Alexam against Incom, and each counterclaim made or could have been made by Incom against Alexam in this action is dismissed, hereby dismissed with prejudice. And that is a separate basis for the relief that we have requested. And the court did not decide that question, in my view. Instead, it looked at the license agreement and the arbitration clause, and it decided, to use a sports analogy, it punted on the question. And I believe that it erred in doing so. It is the court's job to enforce its own judgment, and that's what we asked it to do, and it did not do that. There is no dispute here that the devices in the arbitration are the same devices that were before the court. The question, as my colleague raised, is whether or not they are, quote, licensed products. But if you look at the license agreement, that question is the very same question that was before the district court, and that is whether or not those devices are covered by the claims of the patent. Therein lies claim preclusion. The transactional facts before the district court are exactly the same transactional facts that are now being arbitrated today. This is a classic second bind of the apple scenario, and it's a situation that this court again and again and again This is what's troubling me about it. Just taking this order of dismissal, if in fact the release, well, change it a little bit, it said all claims that were made or could have been made, how could they have made these claims under the suit when they didn't arise until after this dismissal? That is, as I understand what your opponent is arguing in the proceeding before the arbitrator, is that in violation of the license agreement, you did certain things but failed to pay royalties on them. That claim, since it arose afterwards, how could it have been something that could have been asserted in the original suit? I don't understand your argument. I have a brief answer to that. Your argument, it seems to me, is that what we're talking about is categories of claims, not individual particular claims. I'm passing my time. Yes, please answer the question. The language, claims that were brought or could have been brought, is standard language that's used. This court interprets that to focus on the transactional facts that were before the court. It doesn't focus on the particular cause of action or theory of relief that was previously advanced or is advanced now. The Young Engineering case makes that clear. Foster v. Halco makes that clear. Nystrom case makes that clear. Young Engineering, it was a situation where the cause of action that was barred was a different cause of action than what was being asserted in the previous litigation. The court doesn't focus on the cause of action or the theory of relief. As the restatement requires, this court focuses on the transactional facts. And it says that all claims are barred if they're based on the same transactional facts. And in the context of patent infringement, that really reduces down to, as this court said, the essential fact of whether or not the structure of the devices then and now is the same. And it's undisputed that they are. Any other questions? Okay. Okay. Thank you, Mr. Atkinson and Mr. Foster. The case is taken under submission.